1  KEKER, VAN NEST & PETERS LLP
   BENJAMIN BERKOWITZ - # 244441
2  bberkowitz@keker.com
   MATAN SHACHAM - # 262348
3  mshacham@keker.com
   CHRISTINA LEE - # 314339
4  clee@keker.com
   SPENCER MCMANUS - # 322824
5  smcmanus@keker.com
   LIAM BROWN - # 347518
6  liambrown@keker.com
   633 Battery Street
7  San Francisco, CA 94111-1809
   Telephone:   415 391 5400
8  Facsimile:    415 397 7188

9  Attorneys for Defendant
   LINKEDIN CORPORATION

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>LINKEDIN CORPORATION and GOOGLE LLC,<br><br>Defendants. | Case No. 5:25-cv-03737-EJD<br><br>**ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED** |
| KIMBERLY JOHNSON, on behalf of herself and all other similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>LINKEDIN CORPORATION,<br><br>Defendant. | Case No. 5:25-cv-08100-SVK |

Pursuant to Local Rules 3-12 and 7-11, LinkedIn Corporation ("LinkedIn") files this Administrative Motion to notify the Court of a recently filed action—*Johnson v. LinkedIn Corp.*, No. 5:25-cv-08100-SVK ("*Johnson*")—that appears to be related to *Doe v. LinkedIn Corp. et al.*, No. 5:25-cv-03737-EJD ("*Doe*").[1]  In the interest of judicial efficiency, LinkedIn respectfully requests that this Court relate *Johnson* to *Doe* and that *Johnson* be reassigned to this Court.  The *Johnson* plaintiff stipulates to this request.

"An action is related to another when (1) [t]he actions concern substantially the same parties, property, transaction, or event; and (2) [i]t appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges."  Civ. L.R. 3-12(a).  When a party knows or believes that an action filed in or removed to this District is related to another action pending in this District "as defined in Civil L.R. 3-12(a), the party must promptly file in the lowest-numbered case an Administrative Motion to Consider Whether Cases Should be Related."  See Civ. L.R. 3-12(b).

*Johnson* should be related to *Doe*.  The cases concern "substantially the same . . . transaction[] or event."  See Civ. L.R. 3-12(a)(1).  Both *Johnson* and *Doe* consider the same questions surrounding state health insurance marketplaces' alleged implementation of the Insight Tag and the subsequent alleged transmission of data to LinkedIn.  Plaintiffs in both cases allege that the states' use of the Insight Tag on their health marketplaces violates federal and state privacy laws.  Because of the substantial overlap in the factual and legal issues in both cases, adjudication of these cases by two different judges would result in an "unduly burdensome duplication of labor and expense or conflicting results."  Civ. L.R. 3-12(a)(2).  If *Johnson* remains assigned to another Judge in this District, there is a risk that that court's rulings would conflict with this Court's rulings in *Doe*.  At the very least, there would be a burdensome duplication of

---

[1] This Court found that *Doe* is related to *L.B. v. LinkedIn Corp.*, No. 5:24-cv-06832-EJD (N.D. Cal) another case involving the Insight Tag.  *See Doe*, Dkt. 10.  The Court previously found that *L.B.* is related to four other Insight Tag cases pending before this Court:  *J.S. v. LinkedIn Corp. et al.*, No. 5:24-cv-07374-EJD (N.D. Cal.); *V.R. v. LinkedIn Corp.*, No. 5:24-cv-07399-EJD (N.D. Cal*.); J.P. v. LinkedIn Corp.*, No. 5:24-cv-07586-EJD (N.D. Cal.); and *L.W.A. v. LinkedIn Corp.*, No. 5:24-cv-08437-EJD (N.D. Cal.).  This Court also recently consolidated *Doe* and *Hays v. LinkedIn Corp.*, No. 5:25-cv-04181-EJD, and the consolidated action is now proceeding under the *Doe* docket.  *See Doe*, Dkt. 43.

work for the *Johnson* court on matters which this Court is already considering in *Doe*.

For the foregoing reasons, LinkedIn respectfully requests that the Court enter an order relating *Johnson* and *Doe* and reassigning *Johnson* to this Court.

Dated: October 2, 2025                                    KEKER, VAN NEST & PETERS LLP

                                              By:  */s/ Liam Brown*
                                                    BENJAMIN BERKOWITZ
                                                    MATAN SHACHAM
                                                    CHRISTINA LEE
                                                    SPENCER MCMANUS
                                                    LIAM BROWN

                                                    Attorneys for Defendant
                                                    LINKEDIN CORPORATION